The opinion of the Court was delivered by
Glovee., J.
The statute of uses refers to persons who are seized, and its principle has never, therefore, .been applied to trusts of personal property. In regard to real estate, embraced within the provisions of the statute, Sir William Grant says, (Mott vs. Buxton, 7 Ves. 201,) “Whenever any act is to be done by the trustee — as to convey — it is a trust, and not a use executed.” If the necessity of preserving the trust no longer exists, the statute executes it and the legal title vests in the cesttá que use. These principles apply only to cases falling within the provisions of the statute, and are not extended, by analogy, to trusts in chattel interests ; yet the rule applicable, under the statute, to real, has, to some extent, been applied to trusts of personal property in regard to the transferring of the use into possession, or the vesting of the legal title in the cestui que use. In real estate, if no further act is necessary to be done, the statute executes the use or the legal estate vests : in personal property, a delivery of possession by the trustee to the beneficiary, vests the title. If the cestui que use be not entitled to the immediate possession of personal property, or if any duty be imposed on the trustee by the terms of the deed creating the trust, he must retain the possession. “ Deeds of this character,” says Chancellor Dunkin, (Rice vs. Burnett, Sp. Eq. 579,) *316 “ should be construed according to their plain intent and meaning. The legal estate should continue in the person to whom it is transferred, until the property is to be delivered to those for whom an absolute estate is provided.” “ When a trust has been created in personalty, and all the purposes of the trust have ceased or are at an end, the absolute estate is in the person entitled to the last use. From the character of the property, possession is a sufficient title without a formal conveyance.”
The first ground of appeal submits, that “the trust was executed before the commencement of this suit, and that, therefore, the plaintiff had no right of action.” The rights of the parties do not depend on the statute, which does not embrace chattel interests ; but on the terms of the deed ; and a delivery of possession by the trustee, after the purposes of his appointment had been accomplished, would vest the title. If, at the death of Mrs. Smith, the necessity of retaining the possession by John H. Harley had ceased, and her daughter had then been capable of holding the possession, a delivery of the property would have conferred on her the absolute interest and the right of action. The trusts declared in this deed are — to permit Mrs. Smith either to enjoy the use and occupancy of the property, or the rents and profits, during her life, not subject to her husband’s debts, and, upon her death, then in trust to deliver up the aforesaid property, free and discharged of all trusts, to such child or children as she may leave alive at the time of her death. By the terms of this deed, the right of possession, and, consequently, the legal title, remained in JohnH. Harley, after Mrs. Smith’s death. His trust was to be discharged by a delivery to such child or children as she may leave alive at her death. The transfer of possession was an act to be done by the trustee, and, till he performed it, the right of possession and of action was in him. If the issue of Mrs. Smith had been sui juris at her death, the trustee, by a delivery of the negro woman and her children, would have been discharged of the trust; but as the cestui que use was an infant, there was no one capable of receiving the possession, and, therefore, it must continue in John H. Harley *317 until the infant shall have arrived to full age or a guardian shall have been appointed ; or, in the event of the death of the infant intestate, until administration shall be granted. The expenditure of money by the trustee for the benefit of the trust property, and thereby creating a lien upon it, might authorize a continuance of the possession. It is enough that there was no evidence shewing that John H. Harley had parted with the possession, and the retention of it by him is consistent with the terms of the deed.
It was not necessary that the plaintiff should, in the pleadings, assume the character of trustee. The right of possession and of action was in him, and describing him as trustee would be regarded as descriptio persones, and, if used, might be rejected as surplusage. This Court looks to the legal interest only, and it is sufficient that the party who represents it, in this case, is before the Court.
The questions which are suggested by the 1st, 2d and 4th grounds of appeal for a new trial, will be considered together.
The trust deed was duly recorded, and was notice to the defendant of the rights of the parties, and the possession of Mrs. Smith, during her life, was consistent with its provisions. She. was permitted to possess and enjoy the use and occupancy of the property or the rents and profits, and, after her death, no power is vested in the trustee to sell the property; and, therefore, no presumption of a sale to Smith could arise in favor of one who has notice of the contents of the deed. The possession of Smith after the death of his wife could not be adverse to the rights of his child, under a deed which he had made and which had been duly recorded; and the presumption that Smith’s possession was in his own right is not warranted by the circumstances of the case, nor can it avail a vendee from Smith with notice of the deed. Suppose, during the minority of the cestui que use, Hester and her issue had been in the possession of a stranger on hire, can it be said that such a possession would, after four years, confer title on the hirer or his vendee ? When the possession of personal property, especially by a donor, is *318 unexplained, it is sometimes considered as a badge of fraud, and the gift might be set aside in favor of creditors or of purchasers for valuable consideration without notice. Here there is no pretence of indebtedness on the part of Smith when the deed was executed, nor are creditors before the Court; and if the defendant claims to be a purchaser, the recording is legal notice to him of the declaration of a trust made by Smith bona fide for the benefit of his wife and child. If any fraud was committed by Smith, it was iir derogation of the rights of his infant child, and those who claim through him are equally culpable, and will not be allowed to avail themselves of it to defeat those rights. In a case, not unlike this, (Jackson vs. McAliley, Sp. Eq. 303,) Chancellor Harper says: “ I know of no other ground on which the decree could be sustained, unless there was fraud in permitting the property to go into the possession of the husband, so as to enable him to gain credit. But this cannot, of itself, constitute fraud, or every one who lends or hires property to another, or furnishes him with goods on credit, would be guilty of the same kind of fraud.”
The appellant also relies, for a new trial, on the ground, that the evidence did not warrant the jury in finding so large a verdict. In trover, the jury is not limited to find the mere value of the property at the time of conversion; but may find, as damages, the value at a subsequent time at their discretion. (3 Steph. N. P. 2711.) The jury may give the highest value up to the time of trial. (Kid vs. Mitchell, 1 N. and McC. 334.) In Barney vs. Pledger, (3 Rich. 191,) Judge O’Neal! says, “that the plaintiff is entitled to recover for the value of the property, at the time of the trial, with interest; or for the value of the property at the time of the trial, with hire from the conversion, as may be most beneficial.” And in Rodgers vs. Randall, (2 Sp. 38,) it was held that the jury have a discretion between the highest and lowest estimates.
Governed by these rules, so long and so repeatedly established, the evidence appears to have authorized the conclusion *319 attained by the jury in this case ; and the motions for a non-suit and for a new trial are, therefore, dismissed.
Wardlaw, Frost, Withers and WhitNer, JJ., concurred.
O’Neall, J., absent.

Motions dismissed.